UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IN RE COLUMBIA UNIVERSITY DATA BREACH LITIGATION

25-cv-5541 (PKC)

OPINION AND ORDER

-----------------------------------------------------------

CASTEL, Senior District Judge:

Plaintiffs have filed an unopposed motion for preliminary approval of class action settlement. (ECF 58.) The motion will be granted, subject to the modifications to the proposed Long Form Notice (ECF 58-1 at 50-59) ordered herein.

A district court has the "'duty to act as a fiduciary who must serve as a guardian of the rights of absent class members . . . .'" In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig., 772 F.3d 125, 134 (2d Cir. 2014) (quoting McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 419 (2d Cir. 2010)). "In the unique circumstance of a fairness hearing, the Court should consider all meritorious arguments brought to its attention." City of Livonia Employees' Ret. Sys. v. Wyeth, 2013 WL 4399015, at *11 (S.D.N.Y. Aug. 7, 2013) (Sullivan, J.). "One hallmark of a reasonable settlement agreement is that it makes participation as easy as possible, whether class members wish to make a claim, opt out, or object." McClintic v. Lithia Motors, Inc., 2012 WL 112211, at *6 (W.D. Wash. Jan. 12, 2012). "'There should be no unnecessary hurdles that make it difficult for class members to exercise their rights to opt out, object, submit a claim, or make an appearance.'" City of Livonia, 2013 WL 4399015, at *10 (quoting Federal Judicial Center, Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide, 3 (2010)).

Under the boldfaced, capitalized heading "**OBJECTING TO THE SETTLEMENT**," the proposed Long Form Notice includes thirteen conditions required for a class member to submit a valid objection. (ECF 58-1 at 57-58.) Conditions 1 through 5 reasonably require the objector to include his or her name, contact information, the case name and docket number, the basis for any objection, copies of any supporting documentation that the objector wishes to submit, and basic proof of class membership. (ECF 58-1 at 57.)

But Conditions 6 to 13 require information that would needlessly frustrate and discourage objections to the settlement, with no countervailing benefits to the Court or the class.

This includes "[t]he number of times you have objected to a class action settlement within the 5 years preceding the date that you file the objection, the caption of each case in which you made such objection, and a copy of any orders related to or ruling upon your prior objections that were issued by the trial and appellate courts in each listed case;" (Condition 6), the identities of all current or former counsel involved in preparing the objection (Condition 7), the number of times the objector's counsel or counsel's law firm have objected to a class action settlement within the preceding five years, including supporting documentation (Condition 8), details about the objector's planned attendance, representation and any witnesses to be called at the class action fairness hearing (Conditions 9 to 11), whether the objector used artificial intelligence in drafting the objection (Condition 12) and "Your signature (a lawyer's signature is not sufficient)." (ECF 58-1 at 57-58.) Class members are then warned:

> Any Settlement Class Member who fails to comply with the requirements for objecting detailed above will waive and forfeit any and all rights they may have to appear separately and/or to object to the Settlement Agreement and will be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the lawsuit.

(ECF 58-1 at 58.) Under Heading 25, titled "May I speak at the Final Approval Hearing?", the proposed Long Form Notice advises that only objectors who satisfy these conditions for objecting may speak at the fairness hearing. (ECF 58-1 at 59.)

Rather than "mak[ing] participation as easy as possible," McClintic, 2012 WL 112211, at *6, Conditions 6 to 13 burden objectors with irrelevant disclosures that have no bearing on the merits of their objections. The admonition that an objector's failure to comply with all conditions will result in waiver and forfeiture of the objection also risks excluding an objector's views based on a technicality.

The Court **ORDERS** that the Long Form Notice to class members **SHALL NOT INCLUDE** Conditions 6 to 13, nor the above-quoted paragraph warning that failure to comply with any condition will result in waiver and forfeiture of the right to object, nor the second paragraph under Heading 25 directed to class members' rights to be heard at the fairness hearing.

Separately, the Long Form Notice shall specify at Heading 23 on page nine (ECF 58-1 at 58) that the Final Approval Hearing will take place on February 23, 2027 at 2 p.m. at the Daniel Patrick Moynihan Courthouse, Courtroom 11D, 500 Pearl Street, New York, NY, without reference to a video or telephonic proceeding.

The motion for preliminary approval will otherwise be granted in a separate Order. The status conference of September 29, 2026 is adjourned sine die.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
September 23, 2026