UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------x

IN RE COLUMBIA UNIVERSITY DATA BREACH LITIGATION

Case No. 1:25-cv-05541 (PKC)

*This Document Relates To: All Member Cases*

-------------------------------------------x

**PRELIMINARY APPROVAL ORDER**

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement **(Dkt. No. 58)** (the "Motion"). The terms of the proposed class action settlement are set forth in a Settlement Agreement (the "Settlement Agreement") by, between and among Plaintiffs Khamari Babb, Raymond Chao, Steven Daley, Randall Erwin, David Guirgis, Alex Hall, Shakeem Holmes, Rema Khacho, Lauren Kramer, Luke Linich, Nadav Margalit, John McQueen, Liam Murray, Gabriela Nadeau, Joseph Quintero, Carrick Reider, Andrew Rudick, and Mary Thomas (collectively, "Plaintiffs") and Defendant Trustees of Columbia University in the City of New York ("Columbia" or "Defendant" and together with Plaintiffs, the "Parties"), which is attached, with accompanying exhibits, as **Exhibit 1** to Plaintiffs' Memorandum of Law in Support of their Motion.[1] Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1. **Jurisdiction**. The Court has subject matter jurisdiction pursuant to 28 U.S.C.§ 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

2. **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class defined as follows:

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement have the same meaning as set forth in the Settlement Agreement unless otherwise indicated.

> All individuals residing within the United States whose Private Information was potentially accessed by one or more unauthorized third parties during the Cyberattack, including all who were sent notice of the Cyberattack.

Excluded from the Class are the following individuals and/or entities: Defendant and Defendant's parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; Defendant's Counsel, as well as their immediate family members; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

3. **Certification of the Settlement Class is Warranted**. The Court also finds that it will likely be able to certify the Settlement Class because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Action on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Action.

4 **Notifying Settlement Class Members regarding the Settlement is Warranted**. The Court finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the provision of notice is

justified and warranted because the Court further finds that it will likely be able to approve the proposed Settlement as fair, reasonable and adequate.

5. **Findings Concerning the Notice Documents & Plan**. The Court finds that the proposed form, content and method of giving Notice to the Settlement Class as described in the Notice program and the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law including Federal Rule of Civil Procedure 23(c); and (e) meet the requirements of the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology and is designed to be readily understandable by Settlement Class Members. The proposed notice program set forth in the Settlement Agreement and Claim Form and the Notices attached to the Settlement Agreement as **Exhibits A, B, and C** are therefore **APPROVED**, subject to the revisions directed in this Court's accompanying Opinion and Order, and the Settlement Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.[2]

6. **Claims Process.** Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available

[2] Non-material modifications to these Exhibits may be made by the Settlement Administrator in consultation and agreement with the Parties without further order of the Court.

to Settlement Class Members in the manner specified in the Notice.

The Settlement Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If the Final Approval Order and final judgment are entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Approval Order and final judgment including the releases contained therein.

7. **Class Action Fairness Act Notice**. Within ten (10) days after the filing of this Settlement Agreement with the Court, the Settlement Administrator acting on behalf of Defendant shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

8. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must: (a) identify the case name and number, (b) be personally signed by the Settlement Class Member, (c) contain their name, address, telephone number, and email address (if any), and (d) include a statement indicating a request to be excluded from the Settlement Class. To be effective, such Requests for Exclusion must be postmarked no later than the Opt-Out Deadline, which is no later than sixty (60) days from the date on which the notice program commences, and as stated in the Notice.

The Settlement Administrator shall promptly furnish to Class Counsel and to Defendant's counsel a complete list of all timely and valid Requests for Exclusion.

9. **Objections and Appearances**. A Settlement Class Member (who does not submit a

timely written Request for Exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Deadline and as stated in the Notice. The Long Form Notice and the Settlement Website shall instruct Settlement Class Members who wish to object to the Settlement Agreement to send their written objections to the Settlement Administrator at the address indicated in the Long Form Notice. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Deadline"—which is sixty (60) days after the Notice Commencement Date. Any such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: (i) the objector's full name, mailing address, telephone number, and email address (if any); (ii) the case name and case number: *In re Columbia University Data Breach Litigation*, Case No. 1:25-CV-05541-PKC (S.D.N.Y.); (iii) documentation sufficient to establish membership in the Settlement Class, such as a copy of the Postcard Notice received by the objector; (iv) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position(s); and (v) copies of any other documents the objector wishes to submit in support of their position(s). Any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court.

Any Settlement Class Member who fails to object shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement or the Final Approval Order and final judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

10. **Effect of Release**. If a Final Approval Order and final judgment are entered, all persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of the Settlement Agreement and the Final Approval Order and final judgment. All persons who submit valid and timely notices of their intent to be

excluded from the Settlement Class shall not receive any Settlement Benefits and/or be bound by the terms of the Settlement Agreement.

11. **Settlement Administrator**. The Court appoints Angeion Group, LLC as the Settlement Administrator, with responsibility for class notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

12. **Class Representatives & Class Counsel**. The Court finds that Plaintiffs will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representatives. Additionally, the Court finds that William B. Federman of Federman & Sherwood, Ashley M. Crooks of Hausfeld LLP, Rachele R. Byrd of Wolf Haldenstein Adler Freeman & Herz LLP, and Charles E. Schaffer of Levin Sedran & Berman, LLC will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed Class Counsel pursuant to Rule 23(g)(1).

13. **Preliminary Settlement Approval**. Upon preliminary review, the Court finds the Settlement is fair, reasonable and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arm's-length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the Settlement treats the Settlement Class Members equitably, and all of the other factors required by Rule 23 and relevant case law.

14. **Use of Order**. This Preliminary Approval Order shall become null and void and have no force or effect if (a) the Final Approval Order and final judgment are not entered; (b) there is no Effective Date; or (c) otherwise consistent with the terms of the Settlement Agreement. In such event,

(i) the Parties shall be restored to their respective positions in the Action and shall jointly request that all scheduled Action deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose; and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*, and this Preliminary Approval Order shall not be construed or used as an admission, concession or declaration by or against Defendant of any fault, wrongdoing, breach or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper unavailable, or as a waiver by any Party of any defense or claims they may have in this Action or in any other lawsuit.

15. **<u>Continuance of Hearing</u>**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

16. **<u>Stay of Litigation</u>**. All proceedings in the Action, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

17. **<u>Final Approval Hearing</u>**. A Final Approval Hearing shall be held at 2 p.m. on February 23, 2027, in Courtroom 11 D of the Daniel Patrick Moynihan United States Courthouse, 500

Pearl Street, New York, NY 10007, where the Court will determine, among other things, whether: (a) this Action should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable and adequate and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the application of Class Counsel for an award of Attorneys' Fees, Costs and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Class Representatives for Service Awards should be approved. This hearing may be held remotely.

18. **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

**SETTLEMENT TIMELINE**

| | |
|---|---|
| Defendants provide Settlement Class Member Information to the Settlement Administrator | Within 14 days following entry of Preliminary Approval Order |
| Notice Commencement Date | 30 days after Preliminary Approval |
| Class Counsel's Motion for Attorneys' Fees, Litigation Expenses, and Service Awards | 14 days before Objection and Opt-Out Deadlines |
| Objection Deadline | 60 days after Notice Commencement Date |
| Opt-Out Deadline | 60 days after Notice Commencement Date |
| Claims Deadline | 90 days after Notice Commencement Date |
| **Final Approval Hearing** | 150 days after entry of Preliminary Approval Order (at a minimum) |
| Motion for Final Approval Deadline | 14 days before Final Approval Hearing Date |
| Settlement Administrator Provide Notice of Opt-Outs and/or Objections | 16 days before Final Approval Hearing Date |

**SO ORDERED THIS 23rd DAY OF SEPTEMBER, 2026.**

P. Kevin Castel
United States District Judge